UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**Chambers of**
**Leda Dunn Wettre**
United States Magistrate Judge

Martin Luther King Federal Building
& U.S. Courthouse
50 Walnut Street
Newark, NJ 07101
(973) 645-3574

March 27, 2023

To:   All counsel of record

<u>LETTER OPINION</u>

RE:   *Licona v. Tunnel Barrel & Drum Co, Inc.,*
      **Civil Action No. 22-cv-946-JMV-LDW**

Dear Counsel:

Before the Court is the motion of defendants Tunnel Barrel & Drum Co., Inc. (the "Company") and Anthony Paul Urcioli ("Urcioli") for an Order extending the stay of discovery in this action through July 27, 2023. (ECF No. 37). Plaintiff opposes the motion. (ECF No. 38). Having considered the parties' submissions, for the reasons set forth below, defendants' motion to stay is **GRANTED.**

I.   Background

Plaintiff commenced this putative collective action against his former employers on February 23, 2022, seeking to recover overtime compensation and unpaid wages allegedly owed to him and others similarly situated under the Fair Labor Standards Act ("FLSA"), the New Jersey Wage and Hour Law, N.J.S.A. 34:11- 56(a) *et seq.*, and the New Jersey Wage Payment Law, N.J.S.A. 34:11-4 *et seq.* (ECF No. 1). Defendants filed an Answer to the Complaint on April 25, 2022. (ECF No. 12). The undersigned convened a Rule 16 initial scheduling conference on May 25, 2022, during which counsel advised that defendant Urcioli, owner of the defendant Company at the time of the alleged wage violations, had been charged in a criminal action, *United States of America v. Anthony Paul Urcioli, Sr.*, Criminal Case No. 22-cr-00029-LKG, pending in the United States District Court for the District of Maryland. (*See* ECF No. 21). In connection with that criminal case and ongoing investigation by the Federal Bureau of Investigation ("FBI"), books and records required for civil discovery in this action were seized from the offices of the defendant Company. (*Id.*). As the duration of the FBI's control of the materials was unknown, counsel for the parties agreed that a sixty-day stay of discovery was warranted while it was further determined how the criminal proceedings would impact discovery in this civil action. Accordingly, on consent of all counsel, the undersigned entered an Administrative Termination Order on June 6, 2022. (ECF No. 23).

Through several submissions to the Court, counsel for plaintiff requested that the action be restored to the active docket despite the FBI's continued possession of the relevant records.

Defendants, on the other hand, asked that the Court extend the stay, arguing that their inability to access the Company's "ledgers and information regarding wage payments and financial accounts" precluded development of defenses to plaintiff's wage and hour claims. (*See* ECF Nos. 24, 25, 28, 29). The undersigned conducted a case management conference with counsel on September 27, 2022 to ascertain the status of the ongoing criminal investigation and to determine the appropriate next steps for this civil action. (*See* ECF No. 30). The impediment to civil discovery still existing, counsel for both parties consented to extending the stay pending the next Court conference in January. (*See* ECF Nos. 30, 31). In light of additional filings on the issue from both parties (ECF Nos. 32, 33, 35), the Court ordered this matter restored to the active docket and granted defendants leave to file the instant Motion to Stay. (*See* ECF No. 36).

## II.     Motion to Stay

The Court, in its discretion, may stay a case "if the interests of justice require it." *Walsh Sec., Inc. v. Cristo Prop. Mgmt., Ltd.*, 7 F. Supp. 2d 523, 526 (D.N.J. 1998) (citing *United States v. Kordel*, 397 U.S. 1, 12 n. 27 (1970)). Although the Court is not required to stay a civil action where, as here, there are simultaneously pending criminal proceedings, such a stay "may be warranted in certain circumstances." *Id.* (citing *Trustees of Plumbers and Pipefitters National Pension Fund v. Transworld Mechanical, Inc.*, 886 F. Supp. 1134, 1138 (S.D.N.Y.1995)). When considering a request to stay due to a pending criminal matter, the Court considers factors including "1) the extent to which the issues in the criminal and civil cases overlap; 2) the status of the case, including whether the defendants have been indicted; 3) the plaintiff's interest in proceeding expeditiously weighed against the prejudice to plaintiff caused by a delay; 4) the private interests of and burden on defendants; 5) the interests of the court; and 6) the public interest." *Id.* at 527 (citing *Transworld*, 886 F. Supp. at 1139). The Court addresses each factor in turn.

### A.  Similarity of Issues

The similarity of issues between the civil and criminal actions is recognized as "'the most important issue at the threshold' in determining whether or not to grant a stay." *Id.* (quoting *Milton Pollack, Parallel Civil and Criminal Proceedings*, 129 F.R.D. 201, 203 (1989)). Here, defendant Urcioli was charged with conspiracy to commit wire fraud and filing a false tax return. (ECF No. 37-1 ¶ 3). Evidently relevant to the federal investigation of that conspiracy and related crimes is the "bulk of the Company's business records, both historical and current," including "operational, financial, employment and management related materials," which are likewise essential to resolution on the merits of this civil wage and hour litigation. (ECF No. 37-1 ¶¶ 6-7).

In opposition to the requested extension of the stay, plaintiff does not appear to dispute that there exists an overlap of issues in the criminal and civil actions. (*See* ECF No. 38 at 2). Defendants assert that "the necessity of the Company's documents for both proceedings" demonstrates substantial similarity of issues favoring a stay. (*See* ECF No. 37-2 at 5). The Court agrees. Evidence required to substantiate and defend against plaintiff's wage and hour claims, including the defendant Company's payroll and employment data, has been in the sole custody of the FBI since the commencement of this civil action, given its apparent relevance to the parallel criminal investigation. The Court is thus satisfied that there is substantial similarity of issues, weighing heavily in favor of a continued stay. *See Terruso-Crespo v. Atl. Cnty. Just. Facility,*

No. CV 21-15288 (CPO)(SAK), 2022 WL 263432, at *3 (D.N.J. Jan. 28, 2022) (staying civil litigation pending the resolution of ongoing related criminal investigation).

### B. Stage of Parallel Criminal Proceedings

The phase of the parallel criminal proceeding may bear significantly on whether a stay of the civil case is appropriate. *See Walsh*, 7 F. Supp 2d at 527. Due to self-incrimination concerns, the "strongest case for a stay of discovery in the civil case occurs during a criminal prosecution after an indictment is returned." *Id.* (quoting *Parallel Proceedings*, 129 F.R.D. at 203). Where, however, "the Government is conducting an active parallel criminal investigation," a stay of the civil action may be appropriate. *Id.*

Here, although Urcioli pled guilty in the parallel criminal action on February 22, 2022, the Government has indicated to defense counsel that "broader investigation and any consequential prosecution of additional individuals or entities remains active and ongoing." (ECF No. 37-1 ¶¶ 4). Moreover, counsel certifies that, as a result of the continuing federal investigation, Urcioli's sentencing has been adjourned several times. (Weinstein Decl. ¶ 5, ECF No. 37-1; ECF No. 37-2 at 3). Because "self-incrimination concerns continue[] into sentencing," the Court finds that this factor militates in favor of the requested stay extension as to defendant Urcioli. *In re New Jersey Tax Sales Certificates Antitrust Litig.*, No. CIV.A. 12-1893 (MAS), 2014 WL 5512661, at *13 (D.N.J. Oct. 31, 2014) (citing *Mitchell v. United States*, 526 U.S. 314, 325 (1999)).

Notwithstanding that the Fifth Amendment privilege does not extend to corporations such as the defendant Company, the status of the related criminal action and the FBI's ongoing investigations support a continued stay as to both defendants. *See In re Grand Jury Empaneled on May 9, 2014*, 786 F.3d 255, 258-261 (3d Cir. 2015). Even if the defendant Company could designate a Fed. R. Civ. P. 30(b)(6) witness other than defendant Urcioli to give testimony to advance discovery in this civil action, the Company's ability to fulfill its duty to prepare its witness for deposition would be severely constrained without the benefit of the documents withheld by the FBI. *See* Fed. R. Civ. P. 30(b)(6); *Harris v. New Jersey*, 259 F.R.D. 89, 92 (D.N.J. 2007) ("The duty of preparation goes beyond matters personally known to the designee or to matters in which the designee was personally involved, and if necessary, the deponent must use documents, past employees or other resources to obtain responsive information.").

### C. Prejudice to Plaintiff

As to the third factor, plaintiff argues that further delay of this action will cause him prejudice, asserting that the "passage of time 'can fade witness recollection of events and increase the possibility that relevant documents may be lost or misplaced' which 'negative[ly] impac[ts] plaintiff's ability to prepare his case for trial.'" (ECF No. 38 at 3) (quoting *Chand v. Corizon Med.*, No. 1:15-cv-00967 (WJ) (KRS), 2018 U.S. Dist. LEXIS 139913, at *4 (D.N.M. Aug. 16, 2018)).

Initially, the Court notes that delay alone is not sufficient to establish prejudice to plaintiff. *Tucker v. New York Police Dep't*, No. 08-CV-2156 (DMC), 2010 WL 703189, at *7 (D.N.J. Feb. 23, 2010), *aff'd in part*, *dismissed in part*, 408 F. App'x 513 (3d Cir. 2010). Instead, plaintiff "should demonstrate a unique injury, such as the dissipation of assets or an attempt to gain an

unfair advantage from the stay." *Id.* (quoting *In re Herley Indus. Secs. Litig.*, 2007 U.S. Dist. LEXIS 27201, at*7 (E.D. Pa. April 11, 2007)). Here, plaintiff has failed to assert any unique injury that he is likely to sustain from a further stay. Delays in civil litigation are commonplace and this action has been pending for just over one year. Further, the Court is not persuaded that there exists a material risk that the relevant evidence will be lost or misplaced, given that the Company's documents are in the custody of the FBI. Finally, any potential prejudice to plaintiff is further mitigated by the agreement between the parties to toll the applicable statute of limitations until this action is ready to be restored to the active docket. (*See* ECF No. 37-2 at 7). Accordingly, this factor weighs in favor of extending the stay of this action.

### D. Burden on the Defendants

With respect to the fourth factor, there is no question that defendants will face a substantial burden if the stay of this civil action is not extended pending resolution of the criminal investigation and return of the Company's seized books and records. As noted above, defendant Urcioli is awaiting sentencing. To proceed with civil discovery in this action may force defendants to "choose between waiving their Fifth Amendment rights and defending themselves in the civil lawsuit." *Walsh*, 7 F. Supp. 2d at 528. Although Urcioli is not pending trial in the criminal case given that he has pled guilty, he still faces potential criminal jeopardy due to the possibility that his plea agreement could be vacated if he were to make admissions in the instant civil action. *See Gov't Emps. Ins. Co. v. Zuberi*, No. CV 15-4895 (JLL), 2015 WL 5823025, at *7 (D.N.J. Oct. 1, 2015). If forced to testify at deposition in this action, Urcioli would have little choice but to invoke the Fifth Amendment, which would result in adverse inferences being drawn against him in this civil action. *See S.E.C. v. Graystone Nash, Inc.*, 25 F.3d 187, 190 (3d Cir. 1994) ("[R]eliance on the Fifth Amendment in civil cases may give rise to an adverse inference against the party claiming its benefits.").

Moreover, as neither party currently has access to the "bulk of the Company's business records," including payroll and employee information, it appears to the Court that litigation of plaintiff's civil claims on the merits is currently impossible. (ECF No. 37-1 ¶ 6). Further still, if the Company were forced to proceed in this action under the current circumstances, defendants face a particular risk of prejudice in light of the FLSA's requirement that employers "maintain accurate records to ensure that all workers are paid the minimum wage for every hour worked." *Williams v. Tri-Cnty. Growers, Inc.*, 747 F.2d 121, 128 (3d Cir. 1984). The Company's inability to produce its payroll documents in discovery due to the FBI's continued possession of them could give rise to an inference that it failed to comply with its FLSA recordkeeping duties. *See id.* at 127 (discussing recordkeeping regulations promulgated pursuant to section 11(c) of the FLSA). This factor, therefore, favors extension of the stay.

### E. Interests of the Court

The Court's interest in judicial efficiency would be furthered by extending the stay of this civil action. Although "a stay in this type of case is often relatively indefinite," defendants here move for a finite extension of the administrative termination period through July 27, 2023, on the belief that the parallel criminal investigation is nearing completion. *Walsh*, 7 F. Supp. 2d at 528. (*See* ECF No. 37-2 at 4, 10). The limited stay requested favors granting the relief; if the FBI's

4

possession of the Company's documents becomes more protracted than anticipated, the Court may consider that when the current stay expires. *See id.* Further, as noted above, any attempt at fulsome discovery in the absence of the defendant Company's books and records, which contain information directly relevant to plaintiff's claims, would be unproductive, if not, impossible. As such, without a stay, judicial intervention would be required to extend discovery deadlines until the parties are able to produce the material in the FBI's possession, all while the action continues to age on the Court's docket.

### F. Public Interest

The Court finds no harm to the public interest in granting a stay of this civil action pending the return of the documents required to properly litigate the parties' claims and defenses. Indeed, extending the stay of discovery here may well benefit the public by allowing the FBI to complete its investigation into potential criminal activity without impediment and allowing this case to be adjudicated on its merits. *See Walsh*, 7 F. Supp. 2d at 529; *see also Transworld* 886 F. Supp. at 1140. The public interest thus favors continuation of the stay.

### III. Conclusion

Because the Court finds that, on balance, the pertinent factors support an extension of the stay of this civil action through July 27, 2023, Defendants Motion to Stay (ECF No. 37) is **GRANTED**. In the event that the FBI releases the relevant records prior to that date, defendants shall immediately advise the Court and plaintiff of that fact by filing a letter on the docket. The Court assumes defendants have requested from the FBI copies of the seized records and that the FBI has refused those requests. If that is not the case, defendants are hereby directed to so inquire.

An accompanying Order follows.

**SO ORDERED this 27th day of March, 2023.**

                                               *s/ Leda Dunn Wettre*
                                               **Hon. Leda Dunn Wettre**
                                               **United States Magistrate Judge**

Orig:   Clerk
cc:     Counsel of Record