UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------------------------X,
ELEUTERIO LICONA, on behalf of
himself and others similarly situated,

                                       Plaintiff,

                                       **22-CV-00946 (JMV) (LDW)**

          - against –

TUNNEL BARREL & DRUM COMPANY,
and ANTHONY PAUL URCIOLI, individually,

                                      Defendants.
------------------------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF CONDITIONAL CERTIFICATION

Dated:  September 20, 2022
           New York, New York

                                            Respectfully submitted,

                                            */s Jacob Aronauer*
                                            Jacob Aronauer
                                            225 Broadway, 3rd Floor
                                            New York, NY 10007
                                            (212) 323-6980
                                            jaronauer@aronauerlaw.com

                                            *Attorney for Plaintiff*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................ 1

STATEMENT OF FACTS ..................................................................................................... 2

ARGUMENT ........................................................................................................................... 3

    Conditional Certification and the Approval of Court-Authorized Notice Should be Granted ... 3

        A.  Plaintiff and Potential Plaintiffs are Similarly Situated .................................... 4

        B.  Prompt Notice Serve the Goals of the FLSA ................................................... 6

        C.  Timely Notice is Crucial .................................................................................. 8

        D.  The Court Should Approve Plaintiff's Proposed Notice ................................. 9

        E.  The Court Should Require Defendants to Post the Notice at Tunnel Barrel & Drum Company .................................................................................................. 10

        F.  Discovery of Names, Addresses, E-mail addresses and Telephone Numbers is Proper and Necessary Under 29 U.S.C. § 216(b) ......................................... 11

CONCLUSION ..................................................................................................................... 12

## TABLE OF AUTHORITIES

**CASES**

*Aboud v. City of Wildwood*, 2013 WL 2156248, at *7 (D.N.J. May 17, 2013) .............................. 7
*Adami v. Cardo Windows, Inc.*, 299 F.R.D. 68, 82 (D.N.J. 2014) ................................................ 9
*Alvarez v. BI Inc.*, No. 16-2705, 2018 U.S. Dist. LEXIS 83901, at *7-8 (E.D. Pa. May 17, 2018) 4
*Bath v. Red Vision Sys.*, 2014 U.S. Dist. LEXIS 73563, at *22 (D.N.J. May 29, 2014) .............. 12
*Braunstein v. E. Photographic Lab'ys, Inc.*, 600 F.2d 335 (2d Cir. 1978) .................................. 10
*Calderon v. King Umberto, Inc.*, 892 F. Supp. 2d 456, 460 (E.D.N.Y. 2012) ............................. 11
*Camesi v. Univ. of Pitt. Med. Ctr.*, 729 F.3d 239, 243 (3d Cir. 2013) ....................................... 2, 4
*Cook v. United States*, 109 F.R.D. 81, 83 (E.D.N.Y. 1985) .......................................................... 9
*Fisher v. Mich. Bell Tel. Co.*, 665 F. Supp. 2d 819, 829-830 (E.D. Mich. 2009) ........................ 15
*Galdo v. PPL Elec. Utils. Corp.*, Civil No. 14-5831, 2016 WL 454416, at *2 (E.D. Pa. Feb. 5, 2016) ............................................................................................................................................ 5
*Garcia v. Freedom Mortgage Corp.*, 2009 WL 3754070 (D.N.J. Nov. 2, 2009) ........................... 7
*Garcia v. Nunn*, 2016 WL 1169560, at *4 (E.D. Pa. Mar. 24, 2016) ........................................... 11
*Garcia v. Pancho Villa's of Huntington Vill., Inc.*, 678 F. Supp. 2d 89, 96 (E.D.N.Y. 2010) ...... 13
*Goldman v. RadioShack Corp.*, 2003 U.S. Dist. LEXIS 7611 (E.D. Pa. Apr. 16, 2003) ............... 7
*Harhash v. Infinity W. Shoes, Inc.*, 2011 WL 4001072, at *5 (S.D.N.Y. Aug. 24, 2011) ............ 12
*Hoffmann-La. Roche v. Sperling*, 493 U.S. 165, 170 (1989) ........................................ 4, 8, 11, 14
*Ingram v. Coach USA, Inc.*, No. CIV.A. 06-04 (D.N.J. Jan. 28 2008) .......................................... 8
*Jones v. All. Insp. Mgmt.*, L.L.C., 2014 U.S. Dist. LEXIS 57257, at *10-11 (W.D. Pa. Apr. 24, 2014) .......................................................................................................................................... 10
*Manning v. Goldbelt Falcon, L.L.C.*, 2010 WL 3906735 (D.N.J. Sept. 29, 2010) .................... 5, 7
*Martino v. Ecolab, Inc.*, 2016 U.S. Dist. LEXIS 19352, at *19 (N.D. Cal. Feb. 16, 2016) ..... 9, 13
*Moss v. Crawford & Co.*, 201 F.R.D. 398, 409-10 (W.D. Pa. 2000) ............................................ 5
*Nahar v. Dozen Bagels Co.*, 2015 U.S. Dist. LEXIS 143839, at *14 (S.D.N.Y. Oct. 20, 2015) . 10
*Patterson v. Premier Constr. Co.*, 2016 U.S. Dist. LEXIS 30587, at *5 (E.D.N.Y. 2016) .......... 14
*Pearsall-Dineen v. Freedom Mortg. Corp.*, 27 F. Supp. 3d 567, 573-74 (D.N.J. 2014) .............. 11
*Pereira v. Foot Locker, Inc.*, 261 F.R.D. 60 (E.D. Pa. 2009) ...................................................... 13
*Pirrone v. N. Hotel Assocs.*, 108 F.R.D. 78, 82 (E.D. Pa. 1985) ................................................... 8
*Shakib v. Back Bay Rest. Grp., Inc.*, 2011 WL 5082106, at *3 (D.N.J. Oct. 26, 2011) ................. 6
*Sherrill v. Sutherland Glob. Servs.*, 487 F. Supp. 2d 344, 351 (W.D.N.Y. 2007) ....................... 13
*Stone v. Troy Constr., L.L.C.*, 2015 U.S. Dist. LEXIS 161009, at *8 (M.D. Pa. Dec. 1, 2015) ..... 5
*Zanes v. Flagship Resort Dev.*, L.L.C., 2010 WL 4687814, at *5 (D.N.J. Nov. 9, 2010) ............. 8
*Zavala v. Wal-Mart Stores Inc.*, 691 F.3d 527, 538 (3d Cir. 2012) .............................................. 5

**STATUTES**

FLSA, 29 U.S.C. § 216(b) .................................................................................................. 3, 7, 12
New Jersey Wage and Hour Law N.J. Stat. Ann. § 34:11-56(a) .................................................... 1
New Jersey Wage Payment Law, N.J. Stat. Ann. § 34:11 .............................................................. 1

# PRELIMINARY STATEMENT

Plaintiff Eleuterio Licona ("Plaintiff" or "Licona") brings this motion for conditional certification and court-authorized notice under the Fair Labor Standards Act ("FLSA"). This case is comprised of Plaintiff and others similarly situated, barrel and drum cleaners ("Barrel and Drum Cleaners") who worked for Defendants Tunnel Barrel & Drum Company ("TB & D") and Anthony Paul Urcioli ("Urcioli"), individually (collectively "Defendants).

These employees were deprived of their statutorily required overtime compensation and earned wages owed to them pursuant to the Fair Labor Standards Act ("FLSA"), the New Jersey Wage and Hour Law N.J. Stat. Ann. § 34:11-56(a) and the New Jersey Wage Payment Law, N.J. Stat. Ann. § 34:11, respectively. Plaintiff moves this Court to conditionally certify this case as a collective action and authorize him to send court-authorized notice of this action to the putative collective class. Granting Plaintiff's motion and permitting court-authorized notice to these employees will provide them with the opportunity to join this case and toll their statute of limitations before their claims expire or are further diminished by the passage of time. As set forth below, Plaintiff far exceed his low burden on this motion for conditional certification.

The FLSA collective plaintiffs consist of approximately 35 similarly situated current and former employees at TB & D. *See* ¶ 21 of Plaintiff's Complaint (the "Compl."). Plaintiff and the potential plaintiffs have been (and continue to be) victims of Defendants' policies and practices that have violated their rights under the FLSA by, inter alia, failing to pay Barrel and Drum Cleaners overtime wages. *See* ¶¶ 22-26 of the Compl. The declaration of Licona ("Licona Decl.") and the Compl. demonstrate that Defendants subjected Plaintiff and their fellow Barrel and Drum Cleaners to the same unlawful wage practices. In the Licona Decl, Plaintiff states that there were

1

other coworkers who were also not paid time and one-half for all work performed after 40 hours. *See* ¶¶ 17-20 of Licona Decl.

All these employees will benefit from prompt Court-authorized notice. To protect putative collective action members' rights and interests, and to promote judicial economy and effective case management, the Court should approve notice to be distributed to all covered employees. Notice is appropriate at this early, pre-disclosure, pre-discovery stage of the case, because the initial pleadings and preliminary evidence show that all covered employees are similarly situated. All covered employees' work (or worked) as Barrel and Drum Cleaners at TB&D owned by Defendants. Together, Plaintiffs "were victims of a common policy or plan that violated the law." *See Camesi v. Univ. of Pitt. Med. Ctr.*, 729 F.3d 239, 243 (3d Cir. 2013). These employees who were taken advantage of by Defendants will benefit from prompt Court-authorized notice. To protect putative collective action members' rights and interests, and to promote judicial economy and effective case management, the Court should approve notice to be distributed to all covered employees. Plaintiff respectfully requests that the Court grant this motion and: (1) conditionally certify this action for purposes of notice; (2) order that court-authorized notice be sent to all putative collective class members; (3) approve the form, content and distribution plan for Plaintiff's proposed court-authorized notice; and (4) order Defendant to produce to Plaintiff's Counsel the contact information for each putative collective class member.

## STATEMENT OF FACTS

For approximately 18 years (the "Relevant Time Period") Defendant Urcioli has been the owner of TB&D. *See* ¶ 1 of Licona Decl.; *see also* ¶¶ 12, and 16 of the Compl. Defendant Urcioli controls the rate of pay and work schedules for the employees of TB&D. Defendant Urcioli exercises sufficient control over TB&D to be considered Plaintiff's and potential plaintiffs'

employer under the FLSA, the NJWHL, and the NJWPL, Defendant Urcioli establishes and maintains policies regarding pay practices and has the authority to hire and fire employees. *See* ¶¶ 17-19 of the Compl.; *see also* ¶¶ 2, 4

Plaintiff Licona worked as a Barrel and Drum Cleaners at TB&D from 2004 through January 13, 2022. *See* ¶¶ 1-2 of Licona Decl.; *see also* ¶ 8 of the Compl. During the time that Plaintiff worked for Defendants, he was never paid time and one-half for all work performed after 40 hours even though throughout his entire employment they worked more than 40 hours each week. *See* ¶ 12 of Licona Decl.; *see also* ¶¶ 38-39 of Compl. Defendanta maintained a common scheme to deprive its Barrel and Drum Cleaners of overtime compensation or hours worked over 40 in a workweek. *See* ¶¶ 17-18 of Licona Decl.; *see also* ¶ 34 of the Compl. Although Barrel and Drum Cleaners regularly worked more than 40 hours per week, they were still only compensated for straight time. *See* ¶ 12 of Licona Decl.; *see also* ¶ 58 of the Compl.

## ARGUMENT

### Conditional Certification and the
### Approval of Court-Authorized Notice Should be Granted

Plaintiff seeks conditional certification and court-facilitated notice in this collective action pursuant to the FLSA, 29 U.S.C. § 216(b) of the FLSA specifically authorizes collective actions by representative plaintiffs. Id. The collective action mechanism allows for efficient adjudication of similar claims so that "similarly situated" employees, whose claims are often small and not likely to be brought on an individual basis, may join and pool their resources to prosecute their claims. *See Hoffmann-La. Roche v. Sperling*, 493 U.S. 165, 170 (1989). "[T]he existence of a collective action depends upon the affirmative participation of opt-in plaintiffs," who must, to pursue their claims, affirmatively choose to join in the collective action by filing a written opt-in

notice with the court. *See Alvarez v. BI Inc.*, No. 16-2705, 2018 U.S. Dist. LEXIS 83901, at *7-8 (E.D. Pa. May 17, 2018).

At this stage of the proceeding, Plaintiff need only make a "modest factual showing" that he and other Barrel and Drum Cleaners (the recipients of the proposed notice) are "similarly situated" in that they were the victims of a common policy or plan that violated the law for purposes of their FLSA claims. *See Camesi*, 729 F.3d at 243. Plaintiff clearly meets this low threshold as he and other Barrel and Drum Cleaners fell victim to Defendants' unlawful overtime polices.

### A. Plaintiff and Potential Plaintiffs are Similarly Situated

Courts in the Third Circuit follow a two-step process for analyzing whether an action may proceed as a collective action under the FLSA. Id. At the initial "notice stage," the Court determines, based on pleadings and affidavits, whether to notify potential opt-in plaintiffs that the case is pending. Id. At this stage, to establish the existence of other employees who were "similarly situated," Plaintiff must merely show a "'modest factual showing'" that they and potential opt-in plaintiffs together were victims of a common policy or plan that violated the law. Id. If the plaintiff satisfied this burden, the court will "conditionally certify" the collective action for the purpose of facilitating notice to potential opt-in plaintiffs and conducting pre-trial discovery. Id.

Other employees are "similarly situated" if they were subjected to the same policy or practice being challenged by plaintiffs in the litigation. *Zavala v. Wal-Mart Stores Inc.*, 691 F.3d 527, 538 (3d Cir. 2012); *see also Galdo v. PPL Elec. Utils. Corp.*, Civil No. 14-5831, 2016 WL 454416, at *2 (E.D. Pa. Feb. 5, 2016) ("A common, allegedly unlawful policy weighs heavily against decertification even if some disparate factual and employment settings do exist."); *Moss v. Crawford & Co.*, 201 F.R.D. 398, 409-10 (W.D. Pa. 2000) (finding the standard generally satisfied by "substantial evidence of a single decision, policy or plan"). Plaintiff does not have to show an

actual FLSA violation at this stage, but rather only that a "factual nexus between the manner in which the employer's alleged policy affected them and the manner in which it affected other employees." *Stone v. Troy Constr., L.L.C.*, 2015 U.S. Dist. LEXIS 161009, at *8 (M.D. Pa. Dec. 1, 2015).

Here, since the case is still in its early stages and discovery has recently begun, this Court should apply a stage on one analysis. *Manning v. Goldbelt Falcon, L.L.C.*, 2010 WL 3906735 (D.N.J. Sept. 29, 2010) ("[T]he case is not yet ready for trial and discovery has not been formally concluded, so it is more appropriate to consider Plaintiffs' motion [for conditional certification] under the burden of proof used for stage one."). Through the allegations in the Complaint and the declaration of Plaintiff submitted to support these allegations, Plaintiff has clearly met his burden of providing the "modest factual showing" necessary for this Court to conclude that he, and potential plaintiffs who work or worked as Barrel and Drum Cleaners at TB&D owned by Defendants are similarly situated.

Barrell and Drum Cleaners share similar job duties and responsibilities, are paid in a similar hourly manner and are overtime-eligible, regularly worked more than forty hours per workweek, but were all denied the proper overtime pay for all of their overtime hours worked. Considering the evidence presented and the existing case law, Plaintiff has more than satisfied his burden of providing some evidence, beyond pure speculation, of a factual nexus between the manner in which TB&D's illegal pay practices affected him and the manner in which it affected other Barrel and Drum Cleaners.

Consistent with this rule, conditional certification for FLSA collective actions has been granted in similar actions brought by employees for unpaid overtime against closely held businesses. In fact, this District has conditionally certified cases with similar allegations. *See*

5

*Shakib v. Back Bay Rest. Grp., Inc.*, 2011 WL 5082106, at *3 (D.N.J. Oct. 26, 2011) (granting conditional certification where the plaintiff demonstrated sufficient evidence through the complaint and affidavits of a common plan or scheme to not pay employees for all hours worked; *see also Aboud v. City of Wildwood*, 2013 WL 2156248, at *7 (D.N.J. May 17, 2013) (conditionally certifying case in which plaintiffs allege they were not paid for time worked outside of their eight-hour shifts); *Manning*, 2010 WL 3906735, at *4 (conditionally certifying a collective class based on allegations that the defendants "had an illegal and common pay policy whereby [the defendants] automatically reduced the amount of hours credit to each [employee]."); *Garcia v. Freedom Mortgage Corp.*, 2009 WL 3754070 (D.N.J. Nov. 2, 2009) (granting conditional certification where the named plaintiffs made "the same allegation of injury imposed by a single policy of the Defendant: no overtime payment.")

As set forth above, Plaintiff and potential plaintiffs who work or worked as Barrel and Drum Cleaners at TB&D owned by Defendants are similarly situated, because they are subjected to the same, uniformly-applied, illegal pay practices. All potential plaintiffs share a modest factual nexus in that they all work for TB&D, have been expected to work over forty hours a week and have not been compensated for that overtime. Accordingly, the Court should grant Plaintiff's motion and conditionally certify this case as a collective action under the FLSA.

### B. Prompt Notice Serve the Goals of the FLSA

Courts in this Circuit have long recognized the propriety of authorizing judicial notice in collective actions brought under the FLSA. *See e.g., Goldman v. RadioShack Corp.*, 2003 U.S. Dist. LEXIS 7611 (E.D. Pa. Apr. 16, 2003). Court-supervised notice is the preferred method for managing the notification process for several reasons: (1) it avoids a "multiplicity of duplicative suits"; (2) it allows the court to set deadlines to advance the disposition of an action; (3) it furthers

the "wisdom and necessity for early judicial intervention" in multi-party actions; (4) it prevents plaintiffs' claims from expiring under the statute of limitations; and (5) it ensures that the plaintiffs receive accurate and timely notice so they can make an informed decision on whether to join the suit. *Hoffmann-La. Roche*, 493 U.S. at 170–73; *see also Zanes v. Flagship Resort Dev.*, L.L.C., 2010 WL 4687814, at *5 (D.N.J. Nov. 9, 2010) ("notice also 'serves the legitimate goal of avoiding multiplicity of duplicative suits and setting cut off dates to expedite the disposition of an action"); *Ingram v. Coach USA, Inc.*, No. CIV.A. 06-04 (D.N.J. Jan. 28 2008) (recognizing that judicial notice will promote judicial economy by minimizing the proliferation of individual lawsuits). Ultimately, the purpose of judicial notice is to give employees accurate and timely notice of a pendency of the collective action so they can make an informed decision about whether to participate. *Hoffmann-La. Roche*, 493 U.S. at 170. Accordingly, judicial notice is consistent with the remedial purpose of the FLSA. *See Pirrone v. N. Hotel Assocs.*, 108 F.R.D. 78, 82 (E.D. Pa. 1985).

Here, time is of the essence, because employees' claims are diminished or extinguished every day. Since the statute of limitations does not toll for a potential plaintiff until he or she opts into the action, early notice is essential. *See* 29 U.S.C. § 216(b); *Adami v. Cardo Windows, Inc.*, 299 F.R.D. 68, 82 (D.N.J. 2014). Prompt notice to potential opt-in plaintiffs is consistent with the Supreme Court's teachings in *Hoffmann-La Roche* and furthers the legislative purpose of both 29 U.S.C. § 216(b) and the FLSA. Delay in notifying class members will cause serious prejudice. This fact weighs heavily in favor of early notification. *See Cook v. United States*, 109 F.R.D. 81, 83 (E.D.N.Y. 1985).

### C. Timely Notice is Crucial

Timely notice is especially important where there is the risk that employers may discourage other employees from joining the lawsuit. Courts regularly recognize that the "risk of coercion is so great" in the employer/employee relationship. *Martino v. Ecolab, Inc.*, 2016 U.S. Dist. LEXIS 19352, at *19 (N.D. Cal. Feb. 16, 2016). Timely notice will accurately inform workers at TB&D about the case and will provide Plaintiff and the potential plaintiffs with access to covered employees equal to that of Defendants. Without Court-supervised notice, captive current employees will remain vulnerable and misinformed.

Current employees may hesitate to join a lawsuit against their employer for many reasons, such as fear of retaliation. *See Nahar v. Dozen Bagels Co.*, 2015 U.S. Dist. LEXIS 143839, at *14 (S.D.N.Y. Oct. 20, 2015). Given the "broad remedial purpose of the [FLSA], which should be given a liberal construction," FLSA plaintiffs are not required to show that putative members of the collective action are interested in the lawsuit in order to obtain authorization for notice of the collective action to be sent to potential plaintiffs. *See Braunstein v. E. Photographic Lab'ys, Inc.*, 600 F.2d 335 (2d Cir. 1978).

The fact that none of Plaintiff's former co-workers have joined the lawsuit yet is irrelevant. This is particularly so as this lawsuit already has a Plaintiff, and he has provided his declaration that names similarly situated individuals. At this stage, there is no requirement that other individuals have opted into the lawsuit. *See Jones v. All. Insp. Mgmt.*, L.L.C., 2014 U.S. Dist. LEXIS 57257, at *10-11 (W.D. Pa. Apr. 24, 2014) (in granting conditional certification, rejecting argument that plaintiff can only meet "similarly situated" standard through submission of affidavits/declarations from other individuals with same alleged FLSA violation).

### D. The Court Should Approve Plaintiff's Proposed Notice

Collective actions depend on "employees receiving accurate and timely notice concerning the pendency of the collective action, so that they can make informed decisions about whether to participate." *Hoffmann-La. Roche*, 493 U.S. at 170. Supervised notice also prevents "misleading communication." *See id.* at 172.

Plaintiff's proposed form of notice meets the requirements of "timeliness, accuracy and informative." *See* id*.* at 170. Plaintiff's proposed Notice will inform similarly situated Barrel and Drum Cleaners about this action and give them the opportunity to join. It also accurately describes Plaintiff's and potential plaintiffs' legal claims, their rights, and their options. Finally, Plaintiff's proposed notice also contains a conspicuous, unambiguous statement that Defendants are prohibited by law from retaliating against any worker that opts into the lawsuit. The language in Plaintiff's proposed notice may help alleviate the understandable fear current employees have of losing their jobs in this tough economic climate. Explaining to workers the FLSA's anti-retaliation protections is consistent with the purpose of court-authorized notice: to apprise individuals of their rights and enable them to join the case. *See Calderon v. King Umberto, Inc.*, 892 F. Supp. 2d 456, 460 (E.D.N.Y. 2012) ("Current employees may hesitate to join a lawsuit against their employer for many reasons, such as fear of retaliation." Notice should be authorized "given the 'broad remedial purpose of the FLSA, which should be given a liberal construction'").

Plaintiff proposes that the Notice and Opt-in Consent Form be sent via First Class U.S. Mail and e-mail to all current and former Barrel and Drum Cleaners Defendant employed within the past three years. *See Garcia v. Nunn*, 2016 WL 1169560, at *4 (E.D. Pa. Mar. 24, 2016); *Pearsall-Dineen v. Freedom Mortg. Corp.*, 27 F. Supp. 3d 567, 573-74 (D.N.J. 2014) (approving distribution of notice by e-mail). Notice should also be made via text message in addition to mail

9

and email. The basis for this is that many Hispanic immigrants move frequently, but cell phone numbers are more permanent. *See* Aronauer Decl. at ¶ 7.

Plaintiff request that potential opt-in Plaintiffs interested in participating in this lawsuit be given 60 days from the Notice mailing to opt-in to this case. Plaintiff's request is consistent with established FLSA practice in this Circuit. See *Pearsall-Dineen* 27 F. Supp. 3d at 573-74 (granting a 60-day notice period). Further, Plaintiff propose to send a reminder notice 20 days before the end of the opt-in period to any and all potential opt-in Plaintiffs who have not yet returned their Consent Form. Id. (authorizing use of a reminder notice). Plaintiff's proposed notice is fair and accurate and should be approved for immediate distribution.

### E. The Court Should Require Defendants to Post the Notice at Tunnel Barrel & Drum Company

In addition, to best facilitate dissemination of the Notice to Defendants' employees, Plaintiff request an order requiring Defendants to post a copy of the Notice at a location in its local offices where potential opt-in Plaintiff are likely to see it and learn about their rights related to this lawsuit. *See Bath v. Red Vision Sys.*, 2014 U.S. Dist. LEXIS 73563, at *22 (D.N.J. May 29, 2014) (rejecting defendant's arguments and ordering posting of notice in business locations); *see also Harhash v. Infinity W. Shoes, Inc.*, 2011 WL 4001072, at *5 (S.D.N.Y. Aug. 24, 2011) (holding that Courts routinely order that notice be posted in common areas or employee bulletin board, even when notice is also provided via first-class mail). As noted by the court in *Pereira v. Foot Locker, Inc.*, 261 F.R.D. 60 (E.D. Pa. 2009), "[p]osting notice in the workplace of the putative class members strikes this Court as an effective and efficient way to ensure that potential class members are aware of the litigation." Id. at 68.

Direct mail and the posting of notice aligns with courts across the country. *See Sherrill v. Sutherland Glob. Servs.*, 487 F. Supp. 2d 344, 351 (W.D.N.Y. 2007) (finding posting and mailings

10

of opt-in notices and forms to be appropriate); *see also Martino*, 2016 U.S. Dist. LEXIS 19352, at *19 (finding that posting of opt-in notices are necessary as many of the potential Plaintiffs already have a pre-existing employment relationship in which the "risk of coercion is so great."); see also *Garcia v. Pancho Villa's of Huntington Vill., Inc.*, 678 F. Supp. 2d 89, 96 (E.D.N.Y. 2010) ("Moreover, while defendants object to the posting of the Notice at their business locations - and request an order prohibiting it - such a practice has been routinely approved in other cases"). Accordingly, this Court should not hesitate in ordering Defendants to post the notice conspicuously at Tunnel Barrel & Drum Company.

### F. Discovery of Names, Addresses, E-mail addresses and Telephone Numbers is Proper and Necessary Under 29 U.S.C. § 216(b)

It is appropriate for courts in collective actions to order the discovery of the names and contact information of potential collective members. *Hoffmann-La. Roche*, 493 U.S. at 170. Disclosure of the names and contact information of those similarly situated is necessary for Plaintiff to provide those individuals with notice of the action as contemplated by the law. Id. at 170. Accordingly, Plaintiff respectfully requests that, in addition to entering an order granting conditional certification and approving dissemination of notice, the Court order Defendants to produce to Plaintiff the following within ten (10) days of its order: a computer-readable list of all non-managerial construction workers who were employed at Tunnel Barrel & Drum Company owned by Defendants at any point in the 3 years prior to the filing of this lawsuit along with the following information: name, last known mailing address, alternate address (if any), all known telephone numbers, e-mail account, and dates of employment at Tunnel Barrel & Drum Company. Notice should be made via e-mail and text message in addition to mail. The basis for this request is that Hispanic immigrants move frequently, but cell phone numbers are more permanent. *See* Aronauer Decl. at ¶ 7. *See Patterson v. Premier Constr. Co.,* 2016 U.S. Dist. LEXIS 30587, at *5

11

(E.D.N.Y. 2016) (Judge Kuo authorized requirement for Defendants to provide Plaintiff's counsel with names, mail addresses, email addresses, and telephone numbers of their current and former employees, performing similar duties).

Due to the transient nature of Defendants' business, it is certain that some contact information will be outdated. Accordingly, production of the email addresses, and telephone numbers is necessary in order to conduct searches to obtain current contact information of putative collective action members and thereby facilitate prompt dissemination of notice. *See Fisher v. Mich. Bell Tel. Co.*, 665 F. Supp. 2d 819, 829-830 (E.D. Mich. 2009) (ordering production of telephone numbers as an alternative to production of social security numbers). This Court should not hesitate in ordering the same.

## CONCLUSION

For the reasons stated herein, Plaintiff respectfully ask this Court to grant this motion for conditional certification and Court-authorized notice pursuant to 29 U.S.C. § 216(b) of the FLSA in its entirety.

Dated: September 20, 2022
New York, New York

Respectfully submitted,

*/s Jacob Aronauer*
Jacob Aronauer
The Law Offices of Jacob Aronauer
225 Broadway, 3rd Floor
New York, NY 10007
(212) 323-6980
jaronauer@aronauerlaw.com

*Attorney for Plaintiff*