

The Law Offices of Jacob Aronauer
250 Broadway, Suite 600
New York, New York 10007
(212) 323-6980
jaronauer@aronauerlaw.com

January 11, 2024

**Via ECF**
Hon. Leda Dunn Wettre
United States District Court, District of New Jersey

    Re:  *Licona v. Tunnel Barrel &*
          22-cv-00946 (SDW) (LDW)

Dear Your Honor:

The parties respectfully submit this memorandum of law in support of their motion to enforce and approve the settlement agreement reached between the parties. Approval is necessary because a portion of Plaintiffs Eleuterio Licona ("Licona") and Jose Hernandez's ("Hernandez") (collectively "Plaintiffs") claims arise under the Fair Labor Standards Act ("FLSA"). *Brumley v. Camin Cargo Control, Inc.*, 2012 WL 1019337, (D.N.J. Mar. 26, 2012

**Background**

On February 23, 2022 this lawsuit was filed. (Dkt 001). The lawsuit was filed by Eleuterio Licona ("Licona") on behalf of himself and all other similarly situated against Tunnel Barrel & Drum Co, Inc. d/b/a Tunnel Barrel ("Tunnel") and Anthony Paul Urcioli ("Urcioli"). Accordingly, this lawsuit was filed as a FLSA Collective action.

From 2002 through January 13, 2022, Licona worked for Defendants as a barrel and drum cleaner. Licona alleged that he, and other similarly situated individuals, were not paid overtime in compliance with the Fair Labor Standards Act ("FLSA"), along with the New Jersey Wage and Hour Law ("NJWHL") and the New Jersey Wage Payment Law ("NJWPL").

At the time this lawsuit was commenced, Urcioli was being prosecuted criminally and consequently the Federal Bureau of Investigation had seized records that had bearing on this lawsuit. (Dkt 23). As a result, this action was stayed until September 18, 2023. (Dkt 48).

Shortly after the stay was lifted, Plaintiffs (again) moved for conditional certification. (Dkt 53). The parties also commenced paper discovery. On October 26, 2023, Plaintiff Hernandez filed a FLSA consent form to join this action. (Dkt 64). Defendants asked for—and received—several extensions to oppose Plaintiffs' motion for conditional certification. Shortly before Defendants' opposition to Plaintiffs' motion for conditional certification was due, on December 1, 2023 the parties informed the Court that they had reached a settlement in principle. (Dkt 70).

Urcioli reached a plea bargain with the Federal Government. As part of this plea bargain, a judgment was entered against Mr. Urcioli in the amount of $19,300,757. A copy of the judgment is annexed hereto as Exhibit A.

**Settlement Terms**

The parties have memorialized and executed the Settlement Agreement and Release, dated January 2, 2024 and annexed hereto as Exhibit B (the "Settlement Agreement"), as well as a Stipulation of Dismissal, which will discontinue the above-captioned case, with prejudice, in exchange for a payment by Defendants to Plaintiffs in the total amount of $105,000.00 (the "Settlement Amount") in satisfaction for all claims raised in this action. Pursuant to the terms of the Settlement Agreement, Plaintiffs Licona and Hernandez will receive $41,800.00 and $27,866.64, respectively. Plaintiffs' counsel will receive $35,333.35.

Defendants will pay $75,000.00 of the Settlement Amount up front in accordance with the timelines set forth in the Settlement Agreement. The remaining $30,000 of the Settlement Amount will be paid in six equal monthly installments.

Plaintiffs' counsel is receiving one third of the Settlement Amount after reimbursement for expenses. The expenses in this matter are the filing fee ($402.00) and service on Defendants (which was rounded down to $92.00).

To secure payments, Defendants (jointly and severally) entered into confessions of judgment for more than the amount of the total Settlement Amount. In addition, Defendants will have to pay Plaintiffs' attorneys' fees if Defendants fail to pay the Settlement Amount as per the Settlement Agreement. Defendants are also provided a grace period if they do not timely make any of the settlement payments.

As noted in the Settlement Agreement, the parties specifically understand that if Defendants do not have all of the tax information of one or more of the Plaintiffs at the time of settlement approval, that will not serve as an impediment to pay the other Plaintiff and Plaintiffs' counsel their fees as set forth in the Settlement Agreement. They will be paid under the timeline set forth in the Settlement Agreement.

**Claims and Defenses**

It is submitted that there are factual and legal disputes between the parties which could ultimately impact each party's ability to prevail if this case proceeded to dispositive motion practice or to trial.

**Parties' Positions on Settlement**

As noted earlier, from 2002 through January 13, 2022 Licona worked for Defendants. From February 2016 through August 29, 2021, Hernandez worked for Defendants. Both Licona and Hernandez worked for Defendants as barrel and drum

cleaners. Among other things, Plaintiffs allege that in the course of their employment, they were not paid time and a half for overtime worked.

A spreadsheet setting forth Plaintiffs' alleged damages is annexed hereto as Exhibit C. Plaintiffs believe they are owed, collectively, approximately $249,771.14 in unpaid overtime damages. Thus, looking at this case solely from the perspective of alleged unpaid overtime wages, Plaintiffs are close to being made whole. Further, Plaintiffs considered various financial factors at play when deciding to enter into the Settlement Agreement. For example, the parties exchanged information about applicable financial restrictions during the settlement negotiations, which include the large judgment entered against Urcioli in connection with the criminal matter.

On the other hand, Defendants expressly disclaim, and do not admit, any liability or wrongdoing. Nonetheless, without admitting or conceding any liability or damages, and to avoid the burden, expense, and uncertainty of continuing this litigation, Defendants have agreed to enter into the Settlement Agreement.

## LEGAL ARGUMENT

### A. Legal Standard

When "employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Rabbenou v. Dayan Foods, Ltd.*, No. 17-cv1330, 2017 U.S. Dist. LEXIS 122055, *2 (D.N.J. Aug. 3, 2017) (Salas, J (*citing Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982; *Morales v. PepsiCo, Inc.*, No. 11-cv-5275; 2012 U.S. Dist. LEXIS 35284, *1 (D.N.J. Mar. 14 2012).

District courts in the Third Circuit have held that FLSA claims can be settled in two ways: 1) with the Department of Labor supervising the payment of unpaid minimum wages or overtime compensation pursuant to 29 U.S.C. § 216(c); or (2) with the district court's approval of a settlement under 29. U.S.C. § 216(b) (Cecchi, J.), *citing Bredbenner v. Liberty Travel, Inc.*, Nos. 09-905, 09-1248 and 09-4587, 2011 WL 1344745 at *18 (D.N.J. Apr. 8 2011 (*citing Lynn's Food Stores, Inc. v. United State*s, 679 F.2d 1350, 1354 (11th Cir. 1982 and *Bettger v. Crossmark, Inc.*, No. 13-2030, 2015 WL 279754 at * 3 (M.D. Pa., Jan. 22. 2015; *Brumley v. Camin Cargo Contro, Inc.*, Nos. 08-1798, 10-2461 and 09-6128, 2012 WL 1019337, at * 1 (D.N.J., Mar. 26, 2012).

[A] district court "may enter a stipulated judgment if it determines that the compromise reached 'is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" *Rabbenou*, 2017 U.S. Dist. LEXIS 122055 at *2; Gabrielyan v. S.O. Rose Apts. LLC, No. 15-cv-1771, 2015 U.S. Dist. LEXIS 135615 (D.N.J., Oct. 5, 2015); *In re Chickie's & Pete's Wage & Hour Litig.*, No. 12-cv-6520, 2014 U.S. Dist. LEXIS 30366, *2 (E.D. Pa. Mar. 7, 2014); *Cuttic v. Crozer-Chester Med. Ctr.*, 868 F. Supp.2d 464, 466 (E.D. Pa. 2012).

A proposed settlement resolves a "bona fide dispute" when it "reflect[s] a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute," rather than "a mere waiver of statutory rights brought about by an employer's overreaching," *Gabrielyan*, 2015 U.S. Dist. LEXIS 135615 at *3-4 (*quoting Lynn's Food*, 679 F.2d at 1354). In determining whether a compromise is fair and reasonable, courts in the Third Circuit consider both: 1) whether the compromise is fair and reasonable to the employee, and 2) whether the compromise otherwise frustrates the implementation of the FLSA. Id. at *4; *see also Singleton v. First Student Mgmt. LLC*, No. 13-cv-1744, 2014 U.S. Dist. LEXIS 108247, *8 (D.N.J. Aug. 6, 2014); *Chickie'*s, 2014 U.S. Dist. LEXIS 30366 at *2.

Thus, in determining whether to approve a settlement for FLSA claims, the Court must engage in a three-part analysis. First, the Court must determine that the settlement concerns a bona fide dispute. Second, the Court must determine that the settlement is fair and reasonable to the Plaintiff. Third, the Court must determine that the settlement does not frustrate the purpose of the FLSA. *Gabrielyan*, 2015 U.S. Dist. LEXIS 135615 at *4.

**The Agreement should be approved because
it resolves a bona fide dispute and it is fair and reasonable to all Parties**

There is a bona fide dispute between the Parties. Plaintiffs believe that they are owed unpaid overtime while Defendants claim that Plaintiffs were paid in accordance with the law. "A bona fide dispute exists when parties genuinely disagree about the merits of an FLSA claim—when there is factual rather than legal doubt about whether the plaintiff would succeed at trial." *Cruz v. JMC Holdings, Ltd.*, Civ. No.: 16-9321 (KSH)(CLW), 2019 WL 4745284 at *4 (D.N.J. 2019) *citing Haley v. Bell-Mark Techs. Corp.*, No. 17-1775, 2019 WL 1925116, at *4 (M.D. Pa. Apr. 30, 2019).

**The Court should determine that
the settlement is fair and reasonable to Plaintiffs**

The Settlement Agreement is fair and reasonable to Plaintiffs. The Settlement Agreement provides for settlement payments totaling $105,000 to Plaintiffs. While Plaintiffs believe that they are owed more, there is no guarantee that a trier of fact would agree with Defendants. Indeed, Defendants dispute Plaintiffs' claims and provided documentation in support of their defenses.

Further, Plaintiffs also had concerns that litigation could cut into potential settlement monies. Considering various financial factors, which include the large judgment entered against Urcioli in connection with the criminal matter, Plaintiffs are willing to enter into the Settlement Agreement. Finally, the matter was delayed from on or about May 25, 2022 through September 18, 2023 because of Urcioli's criminal matter. Plaintiffs understandably did not want the matter to continue for approximately two more years to *potentially* receive a larger monetary resolution.

4

Given the risks for both sides in the litigation, the proposed agreement awarding Plaintiffs a total sum of $105,000 is fair and reasonable. The Agreement provides Plaintiffs the majority of the settlement monies within 30 days of Court approval and the total settlement monies in just seven months, except as otherwise set forth in the Settlement Agreement. This is better than a delayed recovery, paper judgment or no judgment. The Settlement Agreement is the result of hard-fought, arm's-length bargaining between experienced counsel. The parties' attorneys focus on litigating wage and hour cases, such as this one, and negotiated the settlement in good faith. Finally, as evidenced by the arm's-length negotiation, there was no fraud or collusion.

The allocation of one-third of FLSA settlement proceeds (after reimbursement of expenses) to Plaintiff's counsel comports with the routine approval of attorneys' fees representing one-third of a total FLSA settlement. "In FLSA cases, both the "lodestar" formula and the percentage-of-recovery method have been used in evaluating the reasonableness of attorneys' fees." *See Brumley*, 2012 WL 1019337, at *9 (using percentage-of-recovery method). "The percentage-of-recovery method, on the other hand, allows a district judge to award attorneys' fees as a percentage of the total fund recovered." *In re Gen. Motors Corp. Pick–Up Fuel Tank Products Liab. Litig.*, 55 F.3d 768, 822 (3d Cir.1995). In general, fees have ranged from 19 percent to 45 percent of the settlement fund. *Brumley*, 2012 WL 1019337, at *12 ((collecting cases where attorneys' fees around 30 percent of settlement funds were found reasonable). The percentage award in this case is also consistent with prevailing contingent fee rates in non-class action cases. *See In re Lucent Tech., Sec. Litig.*, 327 F.Supp.2d 426, 442 (D.N.J.2006) (observing "the customary contingent fee would likely range between 30% and 40% of the recovery."); *In re Ikon Office Solutions*, 194 F.R.D. 166 (E.D. Pa., 2000) (same).

### **The Settlement does not frustrate the purpose of the FLSA**

The Settlement Agreement does not frustrate the purpose of the FLSA. Defendants continue to deny liability. Resolution of these claims through trial would be expensive and difficult for Plaintiffs. Moreover, the likelihood of recovery—if at all—would not occur for several years. As stated above, there is a bona fide dispute between the parties and the compromise reached is fair and reasonable without violation of the FLSA.

### CONCLUSION

Considering the foregoing, the parties respectfully submit that the proposed settlement amount is fair and reasonable, and further, that the terms of the Settlement Agreement comport with the requirements under the FLSA and any other applicable law. The parties respectfully request that the Court approve the settlement.

We thank the Court for its time and consideration.

Respectfully,

*/s Jacob Aronauer*
Jacob Aronauer
*Attorney for Plaintiffs*

**Via ECF**
*All attorneys on record*