UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ELEUTERIO LICONA, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TUNNEL BARREL & DRUM COMPANY and ANTHONY PAUL URCIOLI, individually,<br><br>Defendants. | Civil Action No. 22-946 (SDW) (LDW)<br><br>**MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR APPROVAL OF FLSA SETTLEMENT** |

This matter comes before the Court on the joint motion for final settlement approval between plaintiff Eleuterio Licona and opt-in plaintiff Jose Hernandez,[1] and defendants Tunnel Barrel & Drum Company ("TBDC" or "the Company") and Anthony Paul Urcioli. (ECF No. 77). The parties have consented to Magistrate Judge jurisdiction for the purposes of this motion. (ECF No. 79). The Court makes the following findings of fact and conclusions of law in approving the settlement.

**I.    Background and Procedural History**

1.    The parties' proposed settlement resolves plaintiffs' wage claims under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the New Jersey Wage Payment Law, N.J.S.A. § 34:11-4.2, *et seq* ("NJWPL") and the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a, *et seq* ("NJWHL"). (ECF No. 77 at 2).

---

[1]    Hernandez was not a named plaintiff in the Complaint, and this action was never certified as a collective action in which opt-in plaintiffs were formally permitted. Nevertheless, as all counsel treat Hernandez as a plaintiff for purposes of settlement, he will be so regarded by the Court.

2. Named plaintiff Licona commenced this action on February 23, 2022, on behalf of a putative class and collective of barrel and drum cleaners formerly employed by TBDC, against their former employer and its owner, defendant Urcioli. Plaintiffs allege that defendants failed to pay them overtime wages for time worked as barrel and drum cleaners in excess of forty hours per week, in violation of the FLSA, the NJWPL, and the NJWHL. (Compl., ECF No. 1 at 8-11).

3. The undersigned held an initial status conference with the parties on May 25, 2022, at which time the possible necessity of a stay arose due to pending criminal proceedings against defendant Urcioli, which had led to the FBI seizing Company records needed for discovery. (ECF No. 22). After further discussions held on June 6, 2022, the Court entered an Order staying and administratively terminating this action due to the FBI's continued possession of the Company's records. (ECF No. 23). On January 11, 2023, plaintiffs requested to reopen the case, and it was restored to the active docket. (ECF No. 33, 36). Thereafter, defendants moved for a further stay of the litigation (ECF No. 37), which the Court granted on March 27, 2023 (ECF No. 40). On August 3, 2023, defendants informed the Court that the seized documents had been returned to the Company, as the criminal proceedings against Urcioli had concluded, and that discovery could accordingly proceed. (ECF No. 44). The Court restored the case to the active docket and set discovery deadlines. (ECF No. 48). The parties then proceeded to engage in discovery while concurrently engaging in settlement negotiations.

**II.    Settlement**

4. On December 1, 2023, the defendants wrote to inform the Court that a settlement had been reached in principle. (ECF No. 70). In response, the Court issued a text order directing the parties to file a joint Motion for FLSA Settlement Approval and

terminating plaintiffs' motion for conditional class certification. (ECF. No. 72). On January 11, 2024, the parties submitted the instant motion. (ECF No. 77).

5. The parties agreed to settle this case for a total amount of $105,000.00 (the "Settlement Amount") in full satisfaction of Licona's and Hernandez's claims against defendants and their attorneys' fees and costs. (ECF No. 77 at 2).

6. The parties further agreed that the settlement sum is to be allocated as follows:

   a. A payment to the plaintiff Eleuterio Licona in the amount of $41,800.00. (ECF No. at 2).

   b. A payment to plaintiff Jose Hernandez in the amount of $27,866.64. (*Id.* at 2).

   c. A payment to plaintiffs' counsel, The Law Offices of Jacob Aronauer, of $35,333.25 for attorney's fees and costs. (*Id*. at 2).

### III. Final Approval of Settlement

7. To approve an FLSA settlement agreement in the Third Circuit, the Court must determine that "the compromise reached 'is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" *Brumley v. Camin Cargo Control, Inc.*, Civ. No. 08-1798 (JLL), 2012 WL 1019337, at *2 (D.N.J. Mar. 26, 2012) (quoting *Lynn's Food Stores. Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

8. In determining whether the compromise resolves a bona fide dispute, the Court must find that the settlement "reflect[s] a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching," and the bona fide dispute must be determined to be one over "factual issues" not "legal issues such as the statute's coverage or applicability." *Id.* (citations omitted).

9. Here, plaintiffs claim that the total amount owed to them in overtime pay, excluding liquidated damages, is approximately $124,855.25. (ECF No. 77-1). The Court determines that plaintiffs' agreement to settle for the lesser amount of $105,000 constitutes a compromise of a bona fide dispute for two key reasons. First, defendants maintain that they paid plaintiffs in full compliance with the applicable laws and admit no liability. Accordingly, there is no guarantee that plaintiffs would prevail at trial. (ECF No. 77 at 4). Second, the entry of a criminal judgment of restitution in an amount in excess of $19 million against defendant Urcioli creates obvious risks of collectability of any judgment if this case were to proceed to trial. The settlement thus serves as a reasonable compromise of these disputed claims.

10. Additionally, the proposed settlement is the product of arms-length negotiation between parties represented by competent counsel. Nothing in the record before the Court indicates that the proposed settlement has been achieved through fraudulent or collusive conduct.

11. After the parties informed the Court of reaching a settlement in principle, the Court held a telephone conference on December 6, 2023. During the conference the Court advised the parties against including certain terms in the final settlement agreement, including a non-disparagement clause and a general release clause.

12. The parties adhered to the Court's direction and have submitted a final settlement agreement, which has been reviewed by the Court. (ECF No. 77). The Court finds the release provisions contained therein fully comply with applicable law.

13. Having considered the motion for final settlement approval, and for good cause shown, the Court grants final approval of the settlement memorialized in the Settlement Agreement (ECF No. 77) and approves the payments to be made to plaintiffs under the Settlement Agreement.

IV. **Award of Attorney's Fees and Costs**

14. Plaintiffs' counsel seeks $35,333.25 in fees and reimbursement for costs.

15. Plaintiffs' counsel did substantial work identifying, investigating, prosecuting, and settling plaintiffs' claims.

16. The fees requested represent exactly one-third of the total settlement amount, after deducting expenses, which has been held to be fair and reasonable in this district. *See Brumley*, 2012 WL 1019337, at *12 (collecting cases where attorneys' fees of approximately 30 percent of settlement funds were found reasonable).

17. The Court finds that the amount of fees requested is fair and reasonable and approves an award of attorney's fees and costs in the amount of $35,333.25.

V. **Conclusion and Dismissal**

18. The Court approves the terms and conditions of the Settlement Agreement.

19. The parties shall proceed with the administration of the settlement in accordance with the terms of the Settlement Agreement.

20. The parties shall submit a Stipulation of Dismissal to the District Court within thirty days' hereof. (The undersigned does not have the dispositive power to order dismissal, as counsel consented to the undersigned's jurisdiction only for purposes of deciding this motion and not for all purposes (ECF No. 79)).

21. The Clerk of the Court is directed to terminate the motion at ECF No. 77.

**It is so ORDERED this 31st day of January 2024**.

           *s/ Leda Dunn Wettre*
           Leda Dunn Wettre
           United States Magistrate Judge